JACOB WILLAFORD v. A. J. PICKLE, Commissioner

1. ROAD LAW. *Exemptions.* The act of 1881, section 4, does not repeal section 1620 of the Code authorizing the county court to exempt certain persons from working on public roads.

2. SAME. *Jurisdiction of county court.* The power of the county court to exempt certain persons from working on public roads is the exercise of the general police power of that court, and are not strictly judicial proceedings, therefore the strict rules with reference to statutory jurisdiction should not be applied.

FROM JEFFERSON.

Appeal in error from the Circuit Conrt of Jefferson county. JAMES G. ROSE, J.

J. S. ROGERS for Willaford.

G. W. PICKLE for Pickle.

FREEMAN, J., delivered the opinion of the court.

This suit was brought by Pickle, as commissioner of road district, in Jefferson county, to recover for

Willaford *v.* Pickle.

failure of defendant to work the public road after being duly notified, as the law requires, by the commissioner.

The defense is, that defendant had at July term of the county court, been released from this service, by an order as follows: Tuesday, July 3, 1883, ordered by the court that Jacob Willaford be released from working on roads in the future, on account of disability.

The main question in the case is, whether the county court had jurisdiction to release under our present law. His Honor, the circuit judge, held the county court had such jurisdiction, but that it was a special statutory jurisdiction, and all the facts must be shown on the face of the order to authorize its exercise, or else it was void, and so held the order no defense, and gave judgment against the defendant.

By section 1620 of Code, the same provision being found, section 4212, old Code, "the county court may exempt from working on public roads, and paying poll-tax, any person unable by manual labor or physical exertion to make a support, whenever it appears just and right."

We do not think the principle applied by his Honor should be applied to these informal proceedings of the county court, that is, that all the facts mus appear in the entry of the action of the court, that shall show that a proper case was made to appear to the court, on which its action was based, or else the judgment void. If this principle was thus applied, it is probable not one in a hundred of the orders

made by these courts would be valid. They are made in the exercise of the general police power of the county court, are not strictly judicial proceedings, in which litigated questions are adjudged, and therefore the strict rules with reference to statutory jurisdiction adopted by our courts in litigated cases, should not be applied. We think the order sufficient on a collateral attack, if the court had jurisdiction.

In 1881 the Legislature inaugurated a system for working and managing the public roads of the State, by which it was made the duty of the county court to divide the counties into road districts, and to elect three commissioners for each district, who should have " control of all highways and bridges in their respective districts": Acts, ch. 38, sec. 1.

By section 4, it is enacted, that all male inhabitants over eighteen and under fifty years of age, *except such as are permanently disabled from performing common labor, and are released by the commissioner*, shall work not less than three nor more than six days, etc.

By Code, section 1183, sub-sec. 7, it is the duty of the county court "to assign to the roads of the first and second class a competent number of hands to keep them in repair, observing *at discretion* a proper distinction between said roads. This, and succeeding sections, to 1193 inclusive, were assumed to have been repealed by the Act of 1881, and were re-enacted and revived by the Act of 1883, p. 173, so that the county court still has the duty imposed on it to assign to the roads specified, a competent number of hands.

Willaford *v.* Pickle.

The question is, whether the Act of 1881, section 4, by necessary implication repealed the Code, section 1620, authorizing the county courts to "exempt from working on public roads, any person unable by manual labor or physical exertion to make support, whenever it appears to be just and right."

While it is now the settled doctrine of this court that implied repeals are constitutional, still they are not favored, and where the conflict between a later statute and a former one is not clear, and a necessary implication, such repeal will not be held.

After careful consideration we do not think the act of 1881, section 4, repeals section 1620 of the Code. The jurisdiction of the county court may well remain, and both statutes have full effect.

The commissioner may well release or rather excuse hands that have been assigned him who are permanently disabled from performing common labor, and the county court, in the exercise of its police power, release citizens where it is just and proper, under section 1620. This being so, the judgment of the court is reversed and judgment rendered for defendant.